IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| QUANTAZ LAMAR SHIELDS, | * | |
| | * | |
| | * | Criminal Action No. 16-cr-107-PX |
| v. | * | Civil Action No. 18-cv-3269-PX |
| | * | |
| UNITED STATES OF AMERICA. | * | |
| | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Quantaz Lamar Shields's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF No. 91. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is DENIED.

**I.  Background**

On March 21, 2016, Petitioner Quantaz Lamar Shields was charged with one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count One); four counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts Two, Four, Six, and Eight); four counts of possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Three, Five, Seven, and Nine); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Ten). ECF No. 1. Shields pleaded guilty on March 2, 2017, to the four Hobbs Act robbery counts as well as Count Nine, one of the § 924(c) counts. ECF No. 56.

For Count Nine, both the Indictment and the Plea Agreement identify the predicate crime of violence as the Hobbs Act robbery charge in Count Eight. ECF No. 1 at 11; ECF No. 56 ¶ 2. Count Eight charges Shields with taking property from two employees of a CVS Pharmacy store

while threatening the employees with violence.  ECF No. 1 at 10.  The parties also stipulated in the Plea Agreement that as to Count Eight, Shields "knowingly obtained or took the personal property of another…by actual or threatened force, violence, or fear of injury."  ECF No. 56 ¶ 2.

On October 18, 2017, the Court sentenced Shields to 192 months' imprisonment for Counts Two, Four, Six, and Eight, concurrently, and 84 months' imprisonment for Count Nine, consecutively, for a total sentence of 276 months.  ECF No. 86.  The remaining counts in the Indictment were dismissed on the Government's motion.  *Id.*  Shields did not appeal his conviction or sentence.

On October 22, 2018, Shields, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  ECF No. 91.  Shields specifically challenges his conviction and sentence for Count Nine under 18 U.S.C. § 924(c).  ECF No. 91-1 at 2–3.  Shields contends that, following the Supreme Court's rulings in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), Hobbs Act robbery does not qualify as a crime of violence under § 924(c).  *Id.*

The Court appointed counsel to represent Shields for this motion on January 14, 2019.  ECF No. 98.  The Court subsequently granted multiple requests to hold this case in abeyance pending the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), and the Fourth Circuit's decision in *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019).  ECF Nos. 99–100, 104–05.  Following the Fourth Circuit's ruling in *Mathis* that Hobbs Act robbery constitutes a crime of violence under § 924(c), *see Mathis*, 932 F.3d at 266, Shields's counsel asked him if he wished to voluntarily withdraw his § 2255 motion, ECF No. 110 at 2–3.  After Shields chose not to withdraw his motion, Shields's counsel withdrew from the case.  *Id.*; ECF

No. 111. The Government next responded to the motion on October 15, 2020, and Shields filed his *pro se* reply on May 20, 2021. ECF Nos. 115 & 116.[1]

## II. Standard of Review

To be eligible for relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . ." 28 U.S.C. § 2255(a). The petitioner bears the burden of proving his entitlement to relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

## III. Analysis

Shields contends that his § 924(c) conviction and sentence should be vacated because Hobbs Act robbery does not qualify as a predicate "crime of violence." ECF No. 91-1 at 2. Section 924(c) prohibits brandishing a firearm "during and in relation to" any federal "crime of violence." 18 U.S.C. § 924(c)(1)(A). Section 924(c) defines "crime of violence" as one "(A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "force clause"), or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). *Id.* § 924(c)(3). Shields argues that his Hobbs Act robbery charge falls within the scope of the "residual clause" and that the residual clause is unconstitutionally vague. ECF No. 91-1 at 2.

Shields filed this motion following the Supreme Court's rulings in *Johnson* and *Dimaya* which held that similar residual clauses in other statutes were unconstitutionally vague. *Johnson*,

---

[1] The case was transferred to this Court on December 27, 2022, following the retirement of the Honorable Paul W. Grimm.

576 U.S. at 598; *Dimaya*, 138 S. Ct. at 1210. The Supreme Court subsequently ruled in *Davis* that the residual clause in § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. However, following *Davis*, the Fourth Circuit concluded in *Mathis* that Hobbs Act robbery is a crime of violence which "has as an element the use, attempted use, or threatened use of physical force," such that it falls within the "force clause" in § 924(c)(3)(A). *Mathis*, 932 F.3d at 266; *see also United States v. Pyos*, 2022 WL 17592130, at *2 (4th Cir. Dec. 13, 2022) (reaffirming that completed Hobbs Act robbery qualifies as a crime of violence under the force clause). In so doing, the Fourth Circuit made clear that Hobbs Act robbery qualifies as a § 924(c) predicate offense under the "force clause." *Id.*

Shields pleaded guilty in Count Eight to the substantive offense of Hobbs Act robbery. That same count also served as the predicate crime to the § 924(c) charge in Count Nine to which Shields also pleaded guilty. ECF No. 56. Because completed Hobbs Act robbery qualifies as a crime of violence under the "force clause" in § 924(c)(3)(A), Shields's conviction under Count Nine remains constitutionally valid. Shields asserts no other legitimate basis for collateral review under § 2255.[2] Accordingly, his motion to vacate must be denied.

IV.    **Certificate of Appealability**

Pursuant to Rule 11(a) of the Federal Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional

---

[2] Shields also suggests in his motion that defense counsel rendered ineffective assistance because counsel failed to press the applicability of *Dean v. United States*, 581 U.S. 62 (2017). ECF No. 91 at 4. *Dean* concerned the sentencing court's discretion to consider the imposition of a mandatory minimum sentence for the § 924(c) count "when calculating an appropriate sentence for the predicate offense." *Dean*, 581 U.S. at 63. But Shields does not explain the basis for his ineffective assistance argument, and his memorandum in support fails to even discuss the claimed ineffective representation. *Id.*; ECF No. 91-1. Moreover, the Court will not reach new arguments or claims raised for the first time in reply. *See* ECF No. 116; *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 512 n. 8 (D. Md. 2009).

4

prerequisite" to an appeal from the court's order, *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007), and may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2).  Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Shields does not satisfy this standard.  Accordingly, a certificate of appealability will not issue.

### V.     Conclusion

For the foregoing reasons, Shields's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is denied.  A separate Order follows.

3/29/2023                                                                          /S/
Date                                                                                   Paula Xinis
                                                                                          United States District Judge